Date signed May 03, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                          :
                                                :
VALERIE KELLY                                   :      Case No. 06-10637PM
                                                :           Chapter 13
            Debtor                              :
- - - - - - - - - - - - - - - - - - - - - - - -:

### MEMORANDUM OF DECISION

     Before the court is the Motion filed by Debtor's counsel seeking reconsideration of this court's Order entered March 9, 2006, limiting the fee of counsel to $150.00 and directing refund of funds received in excess of that.  Under the Rule 2016(b) Disclosure of Compensation Statement filed initially by counsel, it was stated that she received $1,000.00 from Debtor on account with $1,500.00 to be paid under the Chapter 13 Plan.  Counsel filed an Amended 2016(b) Statement reflecting that her total fee was to be limited to the $1,318.00 received from the Debtor.  Presumably, $318.00 was received from the Debtor following dismissal of this case under Chapter 13, as it would have been improper for Debtor's counsel to receive any further payment from the Debtor prior to confirmation of her Plan, absent circumstances not present here.

     The case was filed and unsupported by the Statement of Financial Affairs and Schedules. Six days after filing the case, counsel filed an "Emergency" Motion to Dismiss Chapter 13 Case. Two days later, counsel filed a Praecipe withdrawing that Motion.  Six days following this, a second "emergency" motion to dismiss the case was filed that was granted by Order of court entered February 23, 2006.  Contemporaneously with the Order dismissing the case, the court entered an Order directing Sallye A. Higgin, attorney for the Debtor, to justify the fee claimed by

her in the amount of $2,500.00.  When no response was filed to that Order within 10 days of its entry as required, the court issued the Order Limiting Fee of Counsel to $150.00 and directing the refund of all funds in excess to the Debtor.  Counsel filed a timely request for hearing on that Order, together with an itemized bill for services rendered.  Essentially, what counsel did was meet with the Debtor, arrange for pre-filing credit counseling, and notify the attorneys handling the foreclosure sale on Debtor's property of the filing of the bankruptcy case.  Neither the required Schedules nor the Statement of Financial Affairs was filed.  There was no Meeting of Creditors attended by Debtor.

  In reviewing the time records, the court notes in the first instance that counsel keeps time in quarter of an hour segments and not in one-tenth of an hour as required by the Compensation Guidelines of this court.  In addition, the court notes counsel charged the Debtor for participating in the credit counseling session.  This is not a good practice, and Debtor obtains no benefit from the insinuation of counsel into the process.  The court is hard pressed to find much benefit, if any, to the work done by counsel on behalf of the Debtor.  The court finds that spending two hours for an initial meeting in anticipation of filing a petition with a list of five creditors is extraordinary.

  An appropriate order will be entered.

cc:
Sallye A. Higgin, Esq., P.O. Box 1775, Hyattsville, MD 20788
Valerie Kelly, 4820 Newman Road, Temple Hills, MD 20848
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**